Roger Gifford, In Pro Per
15226 Hornbrook Rd.
Hornbrook, CA 96044
530-340-1395, gunsnhorses@yahoo.com



FILED

APR 1 1 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
      DEPUTY CLERK

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

Roger Gifford,                )
                              )  Case No: 2:21-CV-0119-TLN-DMC PS
        Plaintiff,            )
                              )  PLAINTIFF'S OBJECTIONS TO FINDINGS
  vs.                         )  AND RECOMMENDATIONS OF
                              )  MAGISTRATE JUDGE (ECF #28)
Michele Hanson, et al,        )
                              )
        Defendants,           )
                              )
_____)

COMES NOW the Plaintiff, Roger J. Gifford, and presents his Objections to the Findings and Recommendations ("F&Rs"; ECF #28, dated March 3, 2022) concerning Defendants' Rule 12(b) Motion to his original Complaint (ECF #1).

A particular objection is made to the Magistrate's failure to permit amendment of the "equal protection" claims of Plaintiff (at ECF #28, pp.13:21-15:4, and 18:3-4) because the Magistrate basically combined several theories of such claims together, but <u>completely ignored</u> at least two aspects of those claims relating to Plaintiff **personally**, which personal claims can certainly be amended to add facts[1], and/or to be properly pled a an independent "count". Plaintiff

---

[1] C.f., ECF #28, pp.13:21-15:4; and Complaint, ECF #1, p.3:11-15, 17:7-8, and 19:7-9.  There is enough outline of a proper equal protection claim here to invoke the circumstances discussed in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"), as cited by the Magistrate at ECF #28, p.14:6-7, so Plaintiff should be given the chance to demonstrate additional facts fleshing out this claim, since leave to amend <u>must</u> be granted "[u]nless it is absolutely clear that no amendment can cure the defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Here, Plaintiff should be allowed to list the details of the indemnification process of the HCSD; how other Directors and former Directors were routinely granted indemnification upon request for job-related incidents; and, how the treatment Plaintiff received as a former Director of the HCSD negatively differed from those other Directors without any legitimate state interest or good cause - instead being arbitrary and capricious (and that denial being accomplished without any hearing, nor opportunity for any hearing on the issue of Plaintiff's application(s) for indemnification); and, how the Defendants ignored or denied Plaintiff's CPRA requests while freely providing public records to other persons and agencies upon

therefore also requests Reconsideration of the F&Rs as to this particular claim insofar as it may apply as to those cited facts (ECF #1, pp.3:11-15, 4:10-11[2], 17:7-8, and 19:7-9 [only][3]).

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). The Ninth Circuit has repeatedly reaffirmed the principal that pro se litigants are entitled to leniency, particularly in civil rights cases such as this one. See e.g., *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims ...."); *Pouncil v. Tilton*, 704 F.3d 568, 574–75 (9th Cir. 2012) (construing pro se complaints liberally protects the rights of pro se litigants to self-representation and meaningful access to the courts, which is particularly important in civil rights cases), cert. denied, 571 U.S. 820, (2013).

Plaintiff also notes that in a Clerical error, the HCSD Bylaws and HCSD Resolutions #14-023, #14-024, and #14-025, all of which were supposed to be <u>lodged as a separate document</u> (as is indicated on the bottom of what is now ECF #1, p.32), were instead attached to the Complaint - but not even as an "attachment", and instead just continuing on as pages 30-62. Because of this, Plaintiff respectfully requests that the Court have the Clerk correct that misfiling, and so allow him to properly incorporate and reference those lodged documents in the anticipated FAC, as well as in these Objections.

## OBJECTION TO CONSIDERATION OF COUNSEL'S DECLARATION

Plaintiff respectfully objects to the F&Rs at pages 6-8 analyzing and granting the Defaulted Defendants' Motion to Set Aside Default (ECF #15) primarily on the basis of 'facts" purportedly established by the Declaration of Defendants' Counsel. In responding to the Motion to Set Aside Defaults, Plaintiff properly objected to the statements contained within the Declaration of Ryan M. Matthews on the basis of lack of facts demonstrating personal

---

request. It is also an egregious wrong to dismiss a claim "with prejudice" (as opposed to simply "without leave to amend"), when the basis for the dismissal is supposedly that Plaintiff has simply not actually stated any claim(s) due to a lack of facts. Such a statement throws wide the door to later mischief in the pleadings, at the least, and is against the interests of justice - especially where, as here, Plaintiff is proceeding <u>on the **original** complaint</u>, and has not yet been afforded *any* opportunity to amend.

[2] "[P]roviding public notices, information, and documents concerning HCSD operations/functions to favored customers and associates, but not to Plaintiff."

[3] Plaintiff does, however, mention the unfair and discriminatory treatment he received concerning his indemnification requests as a basis for another "count". See ECF #1, p.18:18-23.

Plaintiff's Objections to Findings and Recommendations (ECF #28) - 2

knowledge, lack of foundation, hearsay, speculation, and for being conclusory - while improperly speaking for his clients, attesting to their states of mind, etc. (ECF #24, pp.1-3.)

In short, none of the personally-served Defendants produced any admissible evidence to demonstrate that their individual defaults were due to excusable conduct, rather than (at best) pure negligence, nor did the Motion and its attachments present any (admissible) facts demonstrating a meritorious defense as to each claim of the Complaint as is required for a set-aside (ECF #24, pp.11-12). Moreover, it makes no sense whatsoever to say that Defendants who are personally served a complaint by the US Marshal, could, long **after** the time for their default, and the entry thereof, have possibly been confused as to their duty to respond within 21 days by the *much later* service and appearance of **other** defendants via mail and waiver. Ultimately, there was no proper, substantial, admissible evidence that would permit the setting aside of the Default of each, *individual* Defendant[4]. Finally, Plaintiff objects that he was reasonably entitled to an award of costs incurred relating to the defaults, and their setting aside by the Court (ECF #24, pp.4, 12) but that he was not awarded them by the Magistrate - nor apparently were they even considered and the basis for not granting them presented to permit proper objections.

## FEDERAL CLAIMS

In general, Plaintiff respectfully notes that the analysis of his Complaint by the Magistrate is somewhat perfunctory, and fails to afford him the reasonable and solicitory inferences he should be granted as a Pro Se party before this Court[5]. Additionally, it appears that some details were passed over by the Court during analysis, when those details should have informed the basis for some of Plaintiff's claims.

Although it is almost universal to see complaints drafted by lawyers stating language along the lines of "plaintiff incorporates forging paragraphs 1 through XX as if fully set forth" before laying out the list of claims ("counts"), such language is seemingly ignored, or not applied to Pro Se parties' pleadings. Such a state of affairs is not only is a bit unfair, but also doesn't make sense from a practical standpoint, as having to replead each relevant fact as to each

---

[4] That is, Plaintiff is also objecting to what was essentially a "group" analysis by Counsel and Magistrate Cota, insofar as the Rules, and jurisprudence of this Circuit, make mandatory that **each** Defaulted Defendant, individually, produce evidence demonstrating good cause, excusable conduct, and all other factors permitting setting aside of default.

[5] It is incorrect to require Plaintiff to plead a multitude of details as to each claim and each defendant as to each claim in an action. See, generally, *Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

Plaintiff's Objections to Findings and Recommendations (ECF #28) - 3

defendant within each claim would greatly enlarge the complaint, and probably lead to further confusion - at least for Pro Se parties, if no one else[6].

The statement of a claim, including the names and capacities of the Defendants (clearly identified in the ECF #1 Complaint), as required by Rule 8(a)(2) must merely "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are <u>not</u> required. *Twombly*, 550 U.S. at 555. See also *Sagan v. Apple Computer Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted.")

Thus, the Federal Rules embody "notice pleading" and require only a concise statement <u>of the claim</u>, rather than a plethora of detailed evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' and <u>not</u> where a complaint suffers for 'lack of detail.'" *Epos Tech. Ltd. v. Pegasus Techs., Ltd.,* 636 F. Supp. 2d 57 (D.D.C. 2009) at p.63 (citations omitted). The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

**1. Speech, Assembly, Petition** (ECF #28, p.11)

The Magistrate's analysis of Count I states that Plaintiff's allegations for this claim are insufficient, as follows:

> "[T]he Board Defendants, HCSD, Bowles, and Dingman, 'in acting as set forth above in manners adverse to Plaintiff, did so willfully, with intent to interfere with, impede, coerce Plaintiff into abandoning, and in retaliation for, his exercise of statutory and constitutional rights to: speak freely; petition the government and courts for redress of grievances; and, his attempts to assert the rights to vote on those matters as provided for in the HCSD Bylaws.' ECF No. 1, pg. 15. Plaintiff claims Defendants have thus violated his First Amendment rights to "lawfully-convened meetings; to speak freely; to petition for redress of grievances. . . ." Id. at 16. While Plaintiff's complaint includes the conclusory assertions that his rights to speech, assembly, and petition have been infringed by Defendants, the complaint does not include any allegations of specific facts in support of these contentions. Plaintiff has not explained precisely how these First Amendment rights have been violated, or by whom. The Court also agrees that any claim that

---

[6] It is the duty of the Court to seek "substantial justice" between the parties as well. (Fed.R.Civ.P. 8(f); *Taylor v. Uniden Corp. of America*, 622 F.Supp. 1011, 1013 (E.D. Mo. 1985)

Plaintiff's right to petition to seek redress of grievances has been infringed is belied by Plaintiff's litigation history in the Eastern District of California alone."

This last is a rather puzzling assertion, since Plaintiff's rights to "seek redress of grievances" is certainly not limited to filing actions in the CAED, and indeed, the Complaint many times references the denial of (speech and petitioning) rights as granted under California laws (i.e., Gov. Code §61044), and the HCSD's Bylaws - which were specifically incorporated into the Complaint (see, i.e., ECF #1, pp. 1 at fn1; 3; 4; 5 and at fns 12 and 14, etc). The denial of those rights <u>in a manner that fails to comply with the due process as putatively provided by those statutory schemes</u> is **also** a deprivation of Federal rights. See, i.e., *Memphis Light, Gas & Water Div.* v. *Craft* (1978) 436 U.S. 1; *Goldberg v. Kelly* (1970) 397 U.S. 254, 255-261.

Besides the fact that the Complaint specified it was not restricting itself to petitioning activity in any particular court[7], as cited above, the Complaint repeatedly states that the acts of the named Defendants were calculated in part to unreasonably and unlawfully deny/hinder/interfere with petitioning <u>to the Board of the HCSD itself</u> (among other bodies and authorities), and that is enough alone to constitute a cause of action under 42 USC §1983.

Also puzzling is the Magistrate's statement that Plaintiff has not identified "how", nor "by whom" his rights were violated (ECF #28, p.11:22-23), when the Complaint very clearly does just that at pages 1-5, 7-12[8] (and as specified in the "counts", pp.15-24).

**2. Retaliation**  (ECF #28, p.12)

The F&Rs note at this point that in Count VIII, Plaintiff alleges retaliation on the basis that Defendants took the actions alleged in the complaint, in part, to retaliate against him, and that one example was the denial of "proper, timely, statutorily-required notice or opportunity to assemble, attend, and be heard concerning all HCSD meetings and business. . . ." citing to ECF No. 1, pg. 18-19.   Given Plaintiff's repeated mention of the Brown Act and the HCSD Bylaws as a basis for his claims, these statements should be read in that context, and it is a "reasonable

---

[7] See, i.e., ECF #1, p.15, 22-23, where plaintiff states the actions of Defendants were in part attempts to interfere with, and retaliate against him concerning, his rights to "petition <u>the government and courts</u> for redress of grievances" (emphasis added). Notably, the HCSD is itself a part of the "government" to which Plaintiff is entitled to petition, and so the flat refusal by the Defendants to allow such petitioning conduct as specifically provided for in the HCSD Bylaws, and/or Rules and Regulations, clearly constitutes "interference" and/or "infringement" of his vested petitioning rights therein.

[8] Again, Plaintiff notes that Defendant Kevin Dixon has passed away, and so is no longer a party to this action, although his actions at the time of the events in the Complaint were in part the responsibility of the HCSD.

Plaintiff's Objections to Findings and Recommendations  (ECF #28) - 5

inference" that Plaintiff's allegations constitute a conclusion that no legitimate government interest exists in unlawful actions.  As a matter of law, there can <u>never</u> be a "legitimate purpose" for a governmental agency or its Officers to disobey the law, so these allegations impart a sufficient basis for a viable (pro se) complaint at this stage of the litigation.

Moreover, other allegations concerning the basis for Plaintiff's retaliation claims in the Complaint were <u>not</u> noted *at all*, and so the Magistrate could not have properly analyzed the context of those allegations in making the determination as to the sufficiency of Plaintiff's allegations per Rule 8.  See, i.e., ECF #1, pp.3:11-15, 15:20-24, 16:9-14, 17:7-8, and 19:7-9, discussing retaliatory action against Plaintiff for his filing of lawsuits and complaints, in the form of denying him the same rights and treatment regarding requests for indemnification that were routinely granted to other Directors, and former Directors, of the HCSD; denying him the right to vote as granted under the HCSD's own Bylaws, and so forth.  It also seems strange to not make the clear, reasonable inference projected by Plaintiff's Pro Se Complaint that this treatment "did not serve a legitimate purpose", and to apparently insist that the Complaint is not viable without containing that specific string of words.

Plaintiff therefore respectfully objects to the determinations by the Magistrate at ECF #28, p.12 insofar as the analysis appears to state that there are two or more viable retaliation claims based upon speech/petitioning that are jumbled together, but not properly analyzed, and with supporting facts either overlooked or ignored.  Also, the citations provided by the Magistrate to *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000), and *Rhodes v. Robinson*, 408 F.3d 559, 569 (9th Cir. 2005), are incomplete, and, to a certain point, inaccurate as applied here.  Instead, proper First Amendment retaliation does not require that a Plaintiff demonstrate (actually "allege" at this stage of the litigation) any actual incidents of the alleged "chilling" of First Amendment rights.  Instead, he must merely provide facts relating to <u>the intent</u> to interfere with (aka, "chill") protected exercise of speech and/or petitioning rights.  These claims are generally brought pursuant to the criteria outlined by the 9th Circuit Court of Appeals in *Mendocino Environmental Center v. Mendocino County*, 192 F. 3d 1283, 1300-1301 (9th Cir. 1999), which states:

> "In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.' *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994) (citing *Mendocino Env'l Ctr.*, 14 F.3d at 464). **While this statement might be read to suggest that a plaintiff must demonstrate that his speech was actually inhibited or suppressed, our description of the elements of a First**

Plaintiff's Objections to Findings and Recommendations  (ECF #28) - 6

**Amendment claim in *Mendocino*, which *Sloman* cited for its standard, requires only a demonstration that defendants 'intended to interfere with Bari and Cherney's First Amendment rights.' Mendocino Env'l Ctr., 14 F.3d at 464** (emphasis added). Because it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity, we conclude that the proper inquiry asks 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.' Crawford-El v. Britton, 93 F.3d 813, 826 (D.C.Cir.1996), vacated on other grounds, 520 U.S. 1273, 117 S.Ct. 2451, 138 L.Ed.2d 210 (1997) (internal quotation marks and citation omitted).

Intent to inhibit speech, which 'is an element of the claim,' *Mendocino Env'lCtr.*, 14 F.3d at 464, can be demonstrated either through direct or circumstantial evidence. See *Magana v. Commonwealth of N. Mariana Islands*, 107 F.3d 1436, 1448 (9th Cir.1997) (circumstantial evidence of intent is sufficient to survive summary judgment motion). For example, in *Hines v. Gomez*, 108 F.3d 265 (9th Cir.1997), we held that circumstantial evidence that an inmate had a reputation for filing grievances and had told a guard that he planned to file a grievance, combined with the jury's rejection of the guard's purported reason for punishing the inmate, 'warrants the jury's finding that [the guard] filed the disciplinary report in retaliation for [the prisoner's] use of the grievance system.' 108 F.3d at 268." (*Id.*, footnotes omitted, **bolding** emphasis added.)

In this instance, Plaintiff's Complaint states that the adverse actions taken by the Defendants during the times material to the Complaint, and in response to his protected speech and petitioning activity, included (but were not limited to): failing to respond to his CPRA requests in any way[9]; refusing to allow him to vote on items as provided in the Bylaws (without any notice, hearing, or other due process[10]); and, failing to indemnify him for medical and other expenses associated with his prior services as an HCSD Board member (ECF #1, pp.3:11-15, 17:7-8, 19:7-9, and 24 at ¶90). Thus, the F&Rs ignore the specific instances of Plaintiff's conduct which he alleges form the basis for the retaliation that are listed in the Complaint.

### 3. Due Process and Equal Protection Claims

At ECF #28, p.13, the F&Rs address Plaintiff's Due Process, and Equal Protection Claims stating that "in order to state a claim of deprivation of due process, Plaintiff must allege that he was deprived of a protected liberty or property interest. See *Knappenberger v. City of Phoenix*, 566 F.3d 936, 940 (9th Cir. 2009)."[11]  The Magistrate in regards to Equal Protection states in

---

[9] See, i.e., ECF #1, pp.3, 4, 5, 8, 17, 20, and 24.
[10] See, i.e., ECF #1, pp.2, 4-5, 8, 10, 15, 16-17, 18, 19-21.
[11] In fact, Plaintiff complied with these requirements, identifying at least two, readily-discernable "property" interests granted him by State and Local laws that he was deprived of without any notice or

Plaintiff's Objections to Findings and Recommendations (ECF #28) - 7

relevant part that; "Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). Equal protection claims are not necessarily limited to racial and religious discrimination. See *Lee v. City of Los Angeles*, 250 F.3d 668, 686-67 (9th Cir. 2001)", and that; "In order to state a §1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that the defendants acted with the intent to discriminate against the plaintiff. See Village of *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000)".

### A. Abuse of Discretion for Failing to Consider Facts Presented in the Complaint

In analyzing and dismissing Plaintiff's Equal Protection claims, the Magistrate completely overlooked Plaintiff's repeated allegations concerning the different treatment he received concerning CPRA requests, and the repeated attempts to have his medical bills (incurred during his time of public service to the HCSD) indemnified. Instead, the Magistrate committed a mistake of fact in reaching his Recommendation of dismissal based upon his perception that Plaintiff was instead that:

> "Here, Plaintiff does not allege facts to show, in essence, that he has been singled out among other members of his community for disparate treatment by the HCSD or individual defendants. Nor does Plaintiff allege any facts to indicate that the malfeasance about which he complains was committed by Defendants with the intent to discriminate against Plaintiff on any basis.[12]" (ECF #28, p.14:16-20.)

The specific statutory requirements incumbent upon the HCSD concerning a response to Plaintiff's requests for indemnification are set forth in California <u>Government Code</u> sections 825, *et seq*; and, 995, *et seq*. Along with clearly alleging that <u>Defendants treated him differently than other Directors and former Directors of the HCSD</u> who did **not** file complaints and/or legal

---

hearing - those being his right to indemnification for costs associated with job-related injuries, and the right to vote on certain matters as provided in the HCSD's Bylaws (incorporated into the Complaint at ECF #1, page 1, fn1).

[12] C.f. this comment by the Magistrate with allegations in ECF #1, pp.3:11-15, 15:20-24, 16:9-14, 17:7-8, and 19:7-9, discussing retaliatory action against Plaintiff for his filing of lawsuits and complaints, in the form of denying him the same rights and treatment regarding requests for indemnification that were routinely granted to other Directors, and former Directors, of the HCSD. While plaintiff agrees his Complaint is a bit "light", the cure for such a deficiency is leave to amend - <u>not</u> dismissal with *prejudice*. This is especially true in a Pro Se case, and one that involves allegations of civil rights claims. See *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *see also Maleng v. Cook*, 490 U.S. 488, 493, (1989) (*pro se* pleadings must be construed liberally).

Plaintiff's Objections to Findings and Recommendations (ECF #28) - 8

actions against the HCSD, Plaintiff properly alleged in the Complaint that the HCSD and Board Defendants refused and failed to abide by the provisions of those laws - thus denying him <u>a vested statutory right</u> to indemnification against the "claim" for medical costs incurred during his duties as a Director, on *each* occasion that he requested such indemnification.  Further, the Defendants are alleged to have done so *without* any notice or hearing for Plaintiff (and indeed, to have agreed to do so via unlawful, Brown Act-violating meetings) - while **also** routinely granting such indemnifications for <u>other</u> Directors and former Directors of the HCSD without any legitimate government interest in doing so[13].  Likewise, the Complaint alleges that <u>Plaintiff's CPRA requests were routinely (improperly) denied or ignored</u>, while **other** persons were granted access to the HCSD's public records without issues.

      Since the Magistrate makes no mention of these claims and specific factual allegations in the context of analyzing Plaintiff's Equal Protection Claims, it is clear that the Magistrate overlooked them, thus committing errors of both fact and law in evaluation of this claim - which constitutes an abuse of discretion[14].  Those errors were then compounded by also improperly denying Plaintiff any leave to amend these claims[15] despite **not** having had any prior opportunity to do so.  The dismissal without leave to amend was therefore contrary to the 9th Circuit's longstanding rule that "[L]eave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.' " Balistreri v. Pacifica Police Dep't, 901 F.2d 696 (9th Cir.1990)at 701 (quoting *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir.1963)).

      This standard is consistent nation-wide.  See, i.e., *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) ("Generally a district court errs in dismissing a pro se complaint for failure to

---

[13] This last is clearly implied by Plaintiff's multiple allegations that Defendants acted out of animus for his filing of complaints with governmental agencies, and legal actions with state and federal courts.

[14] See, i.e., *See Jeff D. v. Otter*, 643 F.3d 278 (9th Cir. 2011) (citing *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004)).  On the other hand, mixed questions of fact and law such as present in this situation are subject to *de novo* review. (*Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004).)

[15] This is doubly odd, insofar as the Magistrate mad no mention of any "impossibility" that amendment could cure the defect of missing facts on this claim, while correctly and freely granting Plaintiff opportunity to amend his other claims - even the "nonsense" and "puzzling" 4th Amendment claims.  (ECF #28, pp.15-16.)  Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires."   The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In addition, the 9th Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless it determines that the pleading could not possibly be cured by the allegation of other facts</u>." *Doe, supra*, 58 F.3d at 497.  Here, **no** such determination was made.

Plaintiff's Objections to Findings and Recommendations  (ECF #28) - 9

state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C.Cir.1998) ("[W]here a trial court has dismissed a claim sua sponte under Rule 12(b)(6) without affording plaintiff an opportunity to replead, a remand is appropriate unless the claimant cannot possibly win relief.").

The Magistrate's Recommendation that this cause of action be dismissed without leave to amend (and with "prejudice", ECF #28, pp.15:4, and 18:3-4) is also inconsistent with 9th Circuit precedent because Plaintiff is appearing Pro Se. The 9th Circuit has noted frequently that the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987). For all of these reasons, **Plaintiff <u>should</u> be granted leave to amend** his Equal Protection claim(s).

**B. Right to Vote as a Due Process Violation**

As repeatedly noted in the Complaint, the HCSD's Bylaws provide for mandatory voter approval by the electors of the district for all matters as set forth in Sections A-9(1); A-9(11); A-9(13); A-9(26); 1-3.010; 1.5010(a), 1-5.020, and/or 1-5.030, and yet the HCSD and Board Defendants decided to simply deny Plaintiff and the other electors of the District those rights without any notice, hearing, or having an election to alter those provisions as is required therein.

Plaintiff has thus correctly couched his claim here as denial of his right to vote without due process. Plaintiff specified that his right to vote, as granted by the pertinent sections of the HCSD Bylaws, has been denied by the actions of the Defendants, who have simply refused to abide by those requirements, and actively engaged in conduct specifically prohibited thereby. The Bylaws also specifically require in those sections that any changes thereto be submitted to the electors of the District, but this was not done either. The essence of due process is <u>itself</u> "notice, and opportunity to be heard"[16]. There simply isn't anything else that needs to be alleged when those things <u>do not</u> happen. Similarly, it does not make sense to state that Plaintiff has no due process claim based on his property interest in his former employment as a Director of the HCSD, and statutorily-mandated indemnification for the claims of his medical providers based

---

[16] "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation and quotation marks omitted).

on injuries arising from that employment, when the deprivation of that employment benefit was denied without any notice or opportunity to be heard[17].

Plaintiff has stated a viable Section 1983 claim on these allegations based upon the fact that it is a violation of federal due process rights for a state agency (and/or state officers) to take away rights and privileges that it has given to a person, or a class of persons. (*Goldberg v. Kelly, supra,* 397 U.S. 254, 255-261.) Plaintiff's allegations of deprivations of the right to vote (and the associated First Amendment rights of association, political expression, petitioning, and speech) as granted by the Bylaws[18], absent any notice, due process, or general election vote to do so, is also sufficient to state a due process claim on that issue, so the Magistrate's recommendation that this Count be dismissed should be overruled.

The right to vote is the foundation of our democracy. Chief Justice Warren wrote in his autobiography that the precursor to one person, one vote, *Baker v. Carr*, 369 U.S. 186 (1962), was the most important case decided during his tenure as Chief Justice—a tenure that included *Brown v. Board of Education*, 347 U.S. 483 (1954). Earl Warren, The Memoirs of Earl Warren 306 (1977). Chief Justice Warren wrote in *Reynolds v. Sims*, 377 U.S. 533, 555 (1964): "The right to vote freely ... is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government."

It is well established that the right to vote in both Federal and State elections is guaranteed by the United States Constitution. See *Reynolds v. Sims*, 377 U.S. 533, 554 (1964). See also *Swift v. Registrars of Voters of Quincy*, 281 Mass. 271, 276-277 (1932). There is no dispute that Defendant HCSD is a subdivision of the State of California, and that the Board Defendants are government officials of that subdivision.

This broad constitutional protection of voting rights also runs the gamut of election administration. Primaries, local elections, and referendums are **all** encompassed within these constitutional protections. (See *Smith v. Allwright*, 321 U.S. 649, 661–62 (1944) (primary election); *City of Phoenix v. Kolodziejski*, 399 U.S. 204, 209 (1970) (local tax bond); *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621, 628–29 (1969) (local tax bond); *United States v. Classic*, 313 U.S. 299, 319–20 (1941) (primary election). )

---

[17] A procedural due process claim has only two elements: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Franceschi v. Yee*, 887 F.3d 927, 935 (9th Cir. 2018) (quoting *Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001)).
[18] In Sections A-9(1); A-9(11); A-9(13); A-9(26); 1-3.010; 1.5010(a), 1-5.020, and 1-5.030.

Plaintiff's Objections to Findings and Recommendations (ECF #28) - 11

The Supreme Court has stated that the federal courts will intervene where state laws impose impermissible burdens on "the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively." *Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983) (internal quotation marks omitted). As a political subdivision of the State of California, the District has a duty to permit its electors, including Plaintiff, to vote on issues that have been specified in the Bylaws, and it has a further duty not to deliberately deny him, and the other electors the opportunity to vote as to those subjects and circumstances specified therein.

Plaintiff's claims that the HCSD and Board Defendants have failed in these duties, by corrupt, unlawful, and improper use of the color of the authority of its Board members, is a proper Section 1983 claim which should go forward. The Magistrate thus erred by stating Plaintiff had failed to state a basis for his Due Process claim based upon his voting rights and requests for indemnification of medical expenses claims, <u>as well as the Equal Protection[19] aspect</u> of Plaintiff's medical claims to the HCSD Board (insofar as he <u>also</u> clearly alleged that **other** Directors, and former Directors, were routinely granted such indemnifications without issue[20]), and those portions of the F&Rs should be overruled[21], particularly when the Plaintiff's allegations are supposed to be read in context. "Courts should facilitate their decisions on the merits of the issues, not on pleading procedure or technicalities when dealing with a Pro Se litigant's case." *Finch v. City of Vernon*, 845 F.2d. 856 (11th Cir. 1988).

---

[19] The Magistrate makes a confusing reference to Plaintiff supposedly having "the entire basis of Plaintiff's complaint is that he is a 'whistleblower' acting on behalf of the entire community of people being similarly harmed by Defendants' conduct" (ECF #28, p.15) - but that certainly does *not* apply to **individual** wrongs committed against Plaintiff such as denying him <u>his own</u> personal applications for indemnification of <u>his own</u> personal medical expenses incurred while a Director of the HCSD concerning <u>his</u> injuries - or by denying him the benefit of the CPRA as to <u>his own</u>, personal requests to the HCSD.

[20] Plaintiff also alleged that he was treated differently - and worse - than other Directors/former Directors solely on the basis of his protected conduct of engaging in speech and petitioning activities - including the filing of legal actions, and complaints to governmental agencies with police power over the HCSD's operations.

[21] This is especially so insofar as any dismissal "with prejudice", and as opposed to simply being without leave to amend - which would also be incorrect, since: "leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Here, the Magistrate makes no analysis at all of any purported futility of amendment for the claims, and there is no finding of facts to support a determination that Plaintiff could not amend his Complaint to more clearly allege the application of the Equal Protection claims at least to his medical indemnification, and CPRA "dissimilar treatment" claims (i.e., ECF #1, pp.3:11-15, 4:10-11[21], 17:7-8, and 19:7-9).

The Supreme Court has further specifically "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Thus a complaint drafted by a pro se plaintiff must be construed liberally. *McGarry v. Pallito*, 687 F.3d 505, 509 (2d Cir. 2012). *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1988). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984).

### 4. The Magistrate Misinterpreted Plaintiff's "Right To Vote" Claims

In this section (ECF #28, p.15), it is clear that the Magistrate and Opposing Counsel both misinterpret Plaintiff's claims concerning his rights to vote - which are actually based upon those rights and procedural benefits granted to him as an elector of the HCSD by that entity's governing Board in the various sections of the Bylaws[22] to vote on a number of specific issues (which it is impermissible for the Board to act on without such voter approval) as detailed in the Complaint. (ECF #1, pp.5, 7, 10, 18, 19, etc.).

In reality, Plaintiff has made no claims under the "voting rights act", and did not allege that "he has been unable in any election to vote to replace HCSD board members", since that question is not at issue (and indeed, the HCSD does not determine the timing or basis of conduct of elections for Board members anyway - that is the purview of State law). Plaintiff agrees that this claim should be more clearly stated as a Due Process claim pertaining to the voting rights he was granted by the HCSD in 2014, rather than as a "right to vote", stand-alone claim.

Once Plaintiff (and the other electors of the HCSD) were vested with a substantial right to vote on certain matters pertaining to operations, procedures, and policies of the HCSD by the Board, the HCSD then had no power to revoke (or to ignore/bypass) that vested right without following "due process" associated with those rights - and indeed, in this instance, <u>the Bylaws themselves</u> strip the Board of the authority to eliminate those provisions. See *Goldberg v. Kelly* (1970) 397 U.S. 254, 255-261. Voting rights are also a "liberty interest[23]", <u>and</u> a "property interest", so cannot be denied or revoked without due process of law on that basis as well. The multiple occasions of summary denial, chilling, and destruction of Plaintiff's voting rights by

---

[22] At Sections A-2(11), A-9(1); A-9(11); A-9(13); A-9(26); 1-3.010; 1.5010(a), 1-5.020, 1-5.030.
[23] Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-27 (1976); *Smith v. Sumner*, 994 F.2d 1401, 1405 (9th Cir. 1993)

these Defendants, particularly in the manner by which those were accomplished, and in violation of the Bylaws, harmed Plaintiff, could not, and did not, serve any legitimate or reasonable government interest.

Plaintiff has addressed his voting rights under the HCSD Bylaws in the context of a Due Process claim in the foregoing section, and also reiterates them as follows:

The HCSD Bylaws vested certain voting rights to Plaintiff as an elector of the District, creating a liberty and property interest[24], and also mandated that those rights could not be modified or eliminated save by a vote of the electors of the District (thus establishing the process that was due regarding those rights). Plaintiff alleges in the Complaint that the Board Defendants (thus the HCSD), affirmatively acted to, and did, deny his due process rights to notice, opportunity for hearing concerning the applicability of the Bylaws to potential actions of the Board, and to participate in the numerous elections required to be held before the electors of the HCSD, concerning each and all of the fee and/or charge(s) waivers, reductions, reclassifications, and other failures relating to fees and charges due the HCSD which actions were undertaken, and/or committed in violation of the Bylaws by these Defendants during the timeframe set forth in the complaint.

Those same Defendants further violated the due process afforded Plaintiff by, and as required by, the Bylaws by *de facto* altering the application of, and violating the provisions of, those sections requiring voter approval in order for the Board of the HCSD to do so by not holding open, noticed, public meetings on those subjects, and/or not allowing Plaintiff to vote on those actions. Thus, Counsel's statement as quoted by the Magistrate at ECF #28, p.15, is completely baseless and demonstrably false.

**Fourth Amendment Claims**

At ECF #28, pp.15-16, the Magistrate discusses Plaintiff's claims in Counts II and XII, of "Unlawful Seizure" and violation of the Fourth Amendment. Although the Magistrate did not adopt wholesale the confused and incorrect interpretation of Plaintiff's claims proffered by the Defendants, Plaintiff has undertaken further legal research on these claims. As a result, Plaintiff now realizes they are incorrectly stated (also as nascent 5th Amendment claims), and instead more properly brought as 14th Amendment causes of action. Plaintiff will therefore will rewrite

---

[24] See HCSD Bylaws at Sections A-2(11), A-9(1); A-9(11), A-9(13); A-9(26); Chapter 3, Section 1-3.010, and Section 1-5.030. (ECF #64.)

them with these considerations in mind - thus eliminating all "fourth amendment claims" from the amended complaint anticipated by the F&Rs.

**Statutory Claims**

At ECF #28, pp.16-17, the Magistrate opines that Plaintiff's allegations concerning violation of the federal Clean Water Act, and the federal Safe Drinking Water Act, are incomplete insofar as the claims lack sufficient specific facts to demonstrate his personal standing, but grants leave to amend at ECF #28, p.17:5-6, and at p.18:8-9. Plaintiff agrees that he should, and can, amend the complaint to plead additional detailed facts granting standing.

Plaintiff notes initially that it is not contested by the Defendants that Plaintiff has properly stated the Defendants had a duty to regularly inspect, oversee, supervise, perform, and remain in <u>direct control</u> of the daily operation of the HCSD's wells, other water sources, water treatment plant, and distribution system as provided by Federal and State laws.

Plaintiff's claims concerning the Safe Drinking Water Act[25] ("SDWA") and Federal Clean Water Act[26] ("CWA") revolve around the actions of the Defendants, at the times material to this complaint and in a manner contrary to law and the orders of the State of California, knowingly permitting outflow of one of the HCSD's wells ("well #3"), containing high levels of salts and boron as toxic pollutants, into Rancheria Creek, thence to Cottonwood Creek, and thence to the Klamath River, which is designated as "wild and scenic" (and so into the "drainages" for each of these watercourses). Plaintiff utilizes all of these bodies of water and their watersheds on a regular basis for recreation, hunting, falconry, and fishing, and has personally observed damage and deaths of plants and animals associated with the toxic outflow from well #3.

Pleading these additional specifics, and their associated "concrete and particularized injury" into the Complaint, along with the details concerning how mismanagement of the water facilities has resulted in damage to the water supply to Hornbrook (in turn also resulting in an "inadequate water" supply/quality), should be sufficient to state a proper claim to this Court.

---

[25] See generally 42 USC § 300j. Part of Plaintiff's claims assert he was unlawfully retaliated against by the Defendants for exercise of his free speech and petitioning rights concerning his reports to government agencies (the US EPA, and Cal-EPA) concerning the failures by the HCSD to comply with well #3's failures of the CWA, and SDWA; and, his actions in the courts as to the HCSD. Additionally, the Defendants violation thereof constituted negligence and nuisance, and resulted in harm to the environmental areas he utilizes for the foregoing-mentioned activities.

[26] See Federal Clean Water Act (33 USC §§1251, et seq), and Safe Drinking Water Act (42 USC 300f, et seq); State of California laws implementing same (e.g. Health and Safety Code Sections 116270 et seq, 116375, 116385, and 116395; California Code of Regulations Title 22, Sections 63765, and 63770).

Plaintiff's Objections to Findings and Recommendations (ECF #28) - 15

## STATE LAW CLAIMS

**Counts 1-20.**

The Magistrate stated that he deferred analysis of the State Law claims on the basis of having dismissed all of the Federal Claims in the Complaint with leave to amend. (ECF #28, p.17.) Plaintiff agrees with this determination.

Respectfully submitted this ___7th___ day of April, 2022

_____
Roger Gifford, Plaintiff Pro Se

## CERTIFICATION OF SERVICE BY MAIL

I, Roger Gifford, the undersigned Plaintiff in this matter, do hereby affirm that I served the foregoing documents by US Mail upon the appearing parties via their attorney at the address below, and on the date listed.

Ryan Matthews
2020 W. El Camino Ave., Ste. 700
Sacramento, CA 95833

April 7th, 2022

_____
Roger Gifford, Plaintiff Pro Se