IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHELE HANSON, et al.,<br><br>        Defendants. | No. 2:21-CV-0119-DJC-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Defendants' motion to dismiss. See ECF No. ECF No. 40. Plaintiff has filed an opposition. See ECF No. 45. Defendants have filed a reply. See ECF No. 47. After a hearing before the undersigned, the matter was submitted.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PROCEDURAL HISTORY

Plaintiff initiated this action with his pro se complaint filed on January 21, 2021, alleging various federal and state law claims. See ECF No. 1. On May 3, 2021, Defendants filed motions to dismiss and to set aside various defaults. See ECF No. 14 and 15. On March 2, 2022, the Court issued findings and recommendations regarding these motions. See ECF No. 28. On September 22, 2022, the then-assigned District Judge issued an order adopting the findings and recommendations in part and directing Plaintiff to amend the complaint. See ECF No. 32.

In the findings and recommendations, the Court recommended that all of Plaintiff's federal claims be dismissed with leave to amend except for Plaintiff's equal protection claim, which the Court recommended be dismissed with prejudice. See ECF No. 28. The Court further recommended that the Court defer ruling on the sufficiency of Plaintiff's state law claims until such time as he states a cognizable federal claim. See id. The findings and recommendations were adopted in all respects except the District Judge concluded that, given Plaintiff's pro se status and the Court's obligation to construe pro se pleadings liberally, Plaintiff should be afforded an opportunity to amend his federal equal protection claim. See ECF No. 32.

Pursuant to the District Judge's order, Plaintiff filed his first amended complaint and Defendants filed the pending motion to dismiss.

## II. PLAINTIFF'S CLAIMS

As with the original complaint, Plaintiff names the following as defendants: (1) Michele Hanson; (2) Robert Puckett, Sr.; (3) Melissa Tulledo; (4) Clint Dingman; (5) Julie Bowles; and (6) the Hornbrook Community Services District (HCSD). See ECF No. 39, pg. 1. Plaintiff's factual allegations remain substantially the same as the original complaint and are

3

not repeated here. See id. at 1-21. Plaintiff asserts the following federal claims:

| | | |
|---|---|---|
| Count I | Deprivation of Substantial Rights Granted by HCSD Bylaws – No Due Process. |
| Count II | Violation of the Clean Water Act. |
| Count III | Violation of the Safe Drinking Water Act. |
| Count IV | Violation of Procedural Due Process. |
| Count V | Retaliation. |
| Count VI | Deprivation of Equal Protection – Contracting. |
| Count VII[1] | Deprivation of Equal Protection – Indemnification. |

ECF No. 39, pgs. 21-30.

As with the original complaint, Plaintiff also alleges various state law claims. See id. at 30-35. These claims are as follows:

| | | |
|---|---|---|
| Count I | Waste/Gifts of Public Funds: Unlawful Use of HCSD Facility by Dingman. |
| Count II | Diversion of, and Gifts of, Public Funds as to Michele Hanson. |
| Count III | Gifts, and Waste of, Public Funds as to John Does. |
| Count IV | Gifts, and Waste of, Public Funds as to John Does. |
| Count V | Breach of Fiduciary Duty to Impose Standby, Availability Fees. |
| Count VI | Breach of Duty to Indemnify Public Employee for Job-Related Injury. |
| Count VII | Breach of Duty to Comply with Gov. Code §§ 61040(a), and 61050-51. |

ECF No. 39, pgs. 30-35.

///
///
///
///

---

[1] Erroneously labeled in the first amended complaint as "Count VI."

## III. DISCUSSION

Defendants argue in their motion to dismiss the first amended complaint that, as with the original complaint, Plaintiff continues to fail to allege facts to show violations of his federal rights. See ECF No. 40-1. In particular, Defendants assert: (1) Plaintiff's constitutional claims fail as a matter of law; and (2) Plaintiff lacks standing to assert claims under the Clean Water Act or Safe Drinking Water Act. See id.

### A. **Constitutional Claims**

Plaintiff asserts the following claims alleging constitutional violations: Count I (right to vote); Count IV (procedural due process); Count V (retaliation); Count VI (equal protection); and Count VII (equal protection).

#### 1. Right To Vote

As Defendants note, Plaintiff's claim in Count I seems to be based generally on the notion that Defendants conducted secret meetings. According to Plaintiff, "[b]y doing so, the HCSD, Hanson, Puckett, and Tulledo acted arbitrarily and capriciously to intentionally interfere with, and thwart, Plaintiff's due process right to notice of: matters falling under any of the provisions of the Bylaws entitling him to a vote. . . ." ECF No. 39, pg. 22. As Defendants observe, however, Plaintiff has not alleged any actual inability to vote in any HCSD election.

Given that Plaintiff has previously been advised concerning the defects with his right-to-vote claim and notwithstanding continues to insufficiently plead this claim, it should now be dismissed with prejudice.

#### 2. Procedural Due Process

In Count IV, Plaintiff appears to allege due process violations. See ECF No. 39, pg. 24. According to Plaintiff, the HCSD adopted criteria promulgated by the California Uniform Construction Cost Accounting Commission which requires work to be put out for bids. See id. Plaintiff alleges in the first amended complaint that Defendants failed to comply with this requirement and that Defendants refused to allow him to participate in the bid process for HCSD jobs. See id. at 25. More specifically, Plaintiff contends that Defendants "excluded

5

1  him from any and all opportunity to. . . bid on. . . any public works or other jobs within HCSD
2  boundaries or its water system." Id.
3         To state a procedural due process clam, the plaintiff must allege facts showing
4  deprivation of a protected liberty or property interest. See Knappenberger v. City of Phoenix,
5  566 F.2d 936, 940 (9th Cir. 2009).  The Court finds that Plaintiff's current allegations could
6  establish, if proved, a deprivation of a protected liberty or property interest.  In particular, there
7  are sufficient allegations in the first amended complaint that Plaintiff attempted to place bids
8  for specific jobs and that those bids were denied by Defendants due to some improper conduct.
9  This claim should proceed to discovery.

10        3.     Retaliation

11         Plaintiff claims Defendants retaliated against him for the exercise of his right to
12  file lawsuits and claims against HCSD and its directors.  See ECF No. 39, pg. 28.  According
13  to Plaintiff, Defendants denied him access to record and refused to connect his residence to the
14  water distribution system.  See id.  Plaintiff claims: "On information and belief Plaintiff
15  alleges that conduct was undertaken maliciously, as the result of anger and resentment of his
16  exercise of First Amendment rights, and to interfere with future exercise of his rights to
17  petition and free speech."  Id. at 29.  Defendants argue these allegations remain insufficient
18  because Plaintiff has failed to allege facts to establish that his First Amendment rights were
19  chilled.
20         In order to state a claim for retaliation, the plaintiff must allege that defendants'
21  conduct chilled the exercise of First Amendment rights.  See Rhodes v. Hayes, 213 F.3d 443,
22  449 (9th Cir. 2000).  As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes
23  had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice,
24  since harm that is more than minimal will almost always have a chilling effect." Id. at n.11.
25  While the court has clearly stated that one of the "basic elements" of a First Amendment
26  retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment
27  rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11
28  suggests that adverse action which is more than minimal satisfies this element.

1          Here, it is clear that Plaintiff's right to petition for redress has not been chilled.
Plaintiff's litigation history, as outlined in the complaint, belies chilling. However, as
indicated above, adverse action which is more than minimal can satisfy the chilling element.
In response to the Court's dismissal of the prior complaint, Plaintiff's first amended complaint
contains more specific allegations regarding retaliation, specifically that Defendants intended
to interfere with Plaintiff's First Amendment rights. See ECF No. 39, pgs. 20-21; see also
Mendocino Environmental Center v. Mendocino County, 13 F.3d 457 (1994). Further in the
first amended complaint, Plaintiff alleges that he was retaliated against as a "whistleblower."
ECF No. 39, pg. 26. Plaintiff charges that Defendants retaliated against him by refusing to
connect his house to the water system. See id. at 28.

         The Court is unpersuaded by Defendants' argument, which focuses on the
chilling element. The Court otherwise finds that Plaintiff's retaliation claim, as currently
pleaded in the first amended complaint, is sufficient to proceed to discovery.

         4.       Equal Protection

         In Claims VI and VII, Plaintiff alleges denial of equal protection. See ECF No.
39, pgs. 29-30. To establish an equal protection claim, the plaintiff must allege facts to show
that he was treated differently than similarly situated individuals. See San Antonio School
District v. Rodriguez, 411 U.S. 1, 1972). Plaintiff's allegations relating to equal protection are
set forth in paragraphs 79-83 of the first amended complaint. See ECF No. 39, pgs. 29-30.
Plaintiff asserts two bases for his claim.

         First, Plaintiff alleges in Count VI that he was not offered equal opportunity to
present bids. Specifically, Plaintiff asserts the following in the first amended complaint:

> 79.    By undertaking the planning, agreement, and joint actions set forth in Counts I, and IV, above so to unlawfully prevent Plaintiff from being placed upon the list of contractors to be notified of public works jobs for the HCSD, and the prevent Plaintiff from any opportunity to bid on those jobs, and so treat Plaintiff differently, and more harshly, than all other contractors and potential bidders for those public works jobs absent any legitimate public purpose, the HCSD, Hanson, Puckett, and Tuledo denied Plaintiff equal protection and benefit of the laws, and discriminated against him as a class of one. . . .

ECF No. 39, pg. 29.

Second, Plaintiff alleges a denial of equal protection with respect to indemnification for work-related injuries. According to Plaintiff:

> 80. ...[T]he HCSD, Hanson, Puckett, and Tulledo wrongfully and unlawfully denied Plaintiff's repeated and ongoing requests for indemnification of medical bills associated with physical injuries he sustained during his term as a Director of the HCSD. These Defendants did so by secret ballot outside of a public meeting, without any hearing being given to Plaintiff at a public meeting; and, without any reasonable or just cause to deny Plaintiff's Workers' Compensation submission, and subsequent multiple requests for indemnification of medical bills. The actions by, the HCSD, Hanson, Puckett, and Tulledo were, and are, also contrary to the provisions of the Labor Code, Sections 2082, 3600, 4600, and 6401.7; Government Code section 825, and public policy.

ECF No. 39, pgs. 29-30.

The undersigned is not persuaded by Defendants' argument that these claims should be dismissed with prejudice. The Court must accept Plaintiff's factual allegations as true. Here, while the first amended complaint is not a model pleading, it is sufficient to state a viable equal protection claim based on Plaintiff's factual allegations – accepted as true – that he was denied the equal opportunity to present bids for public works projects, and/or denied lawful indemnification for work-related injuries, based on belonging to a class of one – Roger Gifford – against whom Plaintiff alleges Defendants harbored animus.

Assuming Plaintiff's equal protection allegations are true, and liberally construing the first amended complaint in light of Plaintiff's pro se status, the Court finds that Plaintiff has stated the bare minimum to proceed on his equal protection claim relating to bids for public works contracts and indemnification. Plaintiff's equal protection claims, federal Counts VI and VII, should proceed to discovery.

**B.    Federal Statutory Claims**

Plaintiff alleges violations of the Federal Clean Water Act (Count II) and Safe Drinking Water Act (Count III). In Claim II, Plaintiff alleges that Defendants knew that HCSD's well #3 was unusable due to high levels of toxins such a Boron and salts. See ECF No. 39, pg. 23. According to Plaintiff, these toxins were released into the Klamath River in violation of the Clean Water Act. See id. Plaintiff states that, as a result, he lost use and enjoyment of the Rancheria and Cottonwood creeks. See id. In Claim III, Plaintiff alleges

8

1  Defendants consciously ignored the mandates of the Safe Drinking Water Act by allowing
2  Dingman to operate the HCSD water treatment facilities.  See id. at 24.  According to Plaintiff,
3  Dingman lacked sufficient training and supervision to perform this function.  See id.
4        Defendants renew their argument that Plaintiff has not alleged facts to establish
5  standing.  As discussed in the prior findings and recommendations, to have standing under
6  Article III of the United States Constitution, Plaintiff must show that he has suffered an injury
7  in fact that is concrete and particularized, as well as actual or imminent.  See Friends of the
8  Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).
9        In his Clean Water Act claim, Plaintiff alleges that he has lost the use and
10 enjoyment of the Rancheria and Cottonwood creeks.  The Court agrees with Defendants that
11 Plaintiff's generalized claim relating to Rancheria and Cottonwood creeks is insufficient to
12 show standing.  Plaintiff's claim of loss of use of these waterways is not particularized or
13 concrete.  As Defendants note, Plaintiff's complaint relies on the unfounded conclusion that
14 well #3 caused some contamination to these creeks and that such contamination actually
15 resulted in a loss of use of the creeks.  Plaintiff offers no concrete or specific factual
16 allegations to substantiate these conclusions, which would be necessary to establish standing.
17 Plaintiff offers no specific factual allegations whatsoever regarding injury relating to his Safe
18 Drinking Water Act claim.
19       Given that Plaintiff has been advised of the standing requirement and continues
20 to fail to plead sufficient facts, further leave to amend is not warranted and Plaintiff's federal
21 statutory claims under the Clean Water Act and Safe Drinking Water Act should now be
22 dismissed with prejudice.
23     **C.**    **State Law Claims**
24       Plaintiff asserts a variety of state law claims in the first amended complaint.
25 See ECF No. 39, pgs. 30-35.  Pursuant to 28 U.S.C. § 1367, the Court may exercise
26 supplemental jurisdiction "over all other claims that are so related to claims in the action
27 within such original jurisdiction that they form part of the same case or controversy under
28 Article III of the United States Constitution."  28 U.S.C. § 1367(a).

Here, as discussed above, the Court finds that Plaintiff has presented cognizable claims of denial of procedural due process, denial of equal protection, and retaliation. The Court has original jurisdiction over these federal constitutional claims. Plaintiff alleges seven various state law claims as follows:

| | | |
|---|---|---|
| Count I | | Waste/Gifts of Public Funds: Unlawful Use of HCSD Facility by Dingman. |
| Count II | | Diversion of, and Gifts of, Public Funds as to Michele Hanson. |
| Count III | | Gifts, and Waste of, Public Funds as to John Does. |
| Count IV | | Gifts, and Waste of, Public Funds as to John Does. |
| Count V | | Breach of Fiduciary Duty to Impose Standby, Availability Fees. |
| Count VI | | Breach of Duty to Indemnify Public Employee for Job-Related Injury. |
| Count VII | | Breach of Duty to Comply with Gov. Code §§ 61040(a), and 61050-51. |

ECF No. 39, pgs. 30-35.

None of these claims – with the possible exception of Counts VI and VII – relates to Plaintiff's claims of denial of due process and equal protection stemming from the bid process or Plaintiff's claim of whistleblower retaliation. Count VI, in which Plaintiff alleges failure to comply with state law regarding indemnification for work-related injuries, arguably relates to Plaintiff's equal protection claim related to indemnification. Count VII, in which Plaintiff alleges a failure of Defendants to conduct the business of the HSCD according to the provisions of the California Government Code, could arguably be related to Plaintiff's constitutional claims based on wrongdoing with respect to the individual Defendants' conduct in managing the HCSD. These claims, therefore, could be part of the core federal case or controversy presented in this action.

The Court should decline to exercise supplemental jurisdiction over all state law claims except state law Counts VI and VII.

///

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' motion to dismiss, ECF No. 40, be GRANTED in part and DENIED in part.

2. Defendants' motion to dismiss be DENIED as to Plaintiff's procedural due process, retaliation, and equal protection claims, which should proceed.

3. Defendants' motion to dismiss be GRANTED as to all of Plaintiff's other federal constitutional and statutory claims, and such claims be DISMISSED with prejudice.

4. The Court DECLINE to exercise supplemental jurisdiction over all state law claims, except state law Counts VI and VII.

5. State law Counts I through V be DISMISSED without prejudice.

6. Defendants be required to file an answer to Plaintiff's first amended complaint on Plaintiff's federal Counts IV, V, VI, and VII, and Plaintiff's state law Counts VI and VII.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 15, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11