Roger Gifford, In Pro Per
15226 Hornbrook Rd.
Hornbrook, CA 96044
530-340-1395, gunsnhorses@yahoo.com



FILED

MAY 0 2 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roger Gifford, | ) Case No: 2:21-CV-0119-DJC-DMC PS |
| | ) |
| Plaintiff, | ) **OBJECTIONS TO MAGISTRATE** |
| | ) **JUDGE'S FINDINGS AND** |
| vs. | ) **RECOMMENDATIONS, ECF #48, BY** |
| | ) **PLAINTIFF ROGER GIFFORD** |
| Michele Hanson, et al, | ) |
| Defendants, | ) |

COMES NOW Plaintiff in Pro Se Roger Gifford, and respectfully OBJECTS to portions of the Findings and Recommendations ("F&Rs"), ECF #48, made on March 18, 2024, by the Hon. Dennis M. Cota, Magistrate Judge. In making these Objections regarding the 12b Motion to Dismiss of the Hornbrook Community Services District Defendants ("HCSD") directed to Plaintiff's First Amended Complaint ("FAC", ECF #39), Plaintiff incorporates by reference those citations and arguments submitted in Opposition to the Defense 12b Motion, and to the prior 12b Motion; as well as his previous Objections to Magistrate Cota's prior F&Rs. See ECF documents numbered 23, 31, 34, and 45.

This Court reviews *de novo:* (1) a dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *Pack v. United States,* 992 F.2d 955, 957 (9th Cir.1993). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Plaintiff objects as follows:

**1) Plaintiff respectfully objects to the dismissal of his Count I Federal Claims.**
Plaintiff adequately amended his Federal Count I claims (due process violations by denial of voting rights granted by HCSD Bylaws FAC, ¶¶55-59) to provide all of the necessary elements of two forms of Constitutional deprivations by:

    **a)** incorporating the Bylaws' "voter control" provisions into the FAC at ¶1;

    **b)** stating the basis for, and constitutionally "fundamental" nature of, the rights to vote on

the matters specified in the Bylaws to Plaintiff and other District electors (FAC at ¶¶24-30); and,

<u>c)</u> specifying acts by particular Defendants and/or the HCSD as an entity which required voter approval to be valid, but for which those Defendants failed to seek that approval, before implementing them (FAC at ¶¶27, 31). It is the undertaking of those acts in that manner that denied Plaintiff and other District electors the right to vote - because the Defendants simply failed in each instance to call an election as the Bylaws require[1].

**2) Plaintiff adequately amended his Count II Clean Water Act "CWA" claims**, because a "particularized injury" <u>may</u> be stated due to loss of use and enjoyment of public spaces[2]. "The 'injury in fact' requirement in environmental cases is satisfied if an individual adequately shows that she has an aesthetic or recreational interest in a particular place, or animal, or plant species and that that interest is impaired by a defendant's conduct." *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000).

Thus, Plaintiff's factual statements in the FAC at ¶61 of <u>actual recreation in the creeks' watershed areas affected by the HCSD's toxic releases</u>, coupled with his curtailment thereof on the basis of concern over toxins exposure; and, the fact that Cottonwood Creek, into which the toxins from HCSD's well #3 eventually flow, meanders near to Plaintiff's home, and is affected to the point of Plaintiff being forced to curtail his falconry and certain other activities due to fear

---

[1] C.f. Magistrate Cota's statement at ECF #48, p5, ln.17-18; "Plaintiff has not alleged any actual inability to vote in any HCSD election." This is putting the cart before the horse. What happened here, and which is alleged with multiple examples in the FAC, is that **no** <u>elections were ever held as the Bylaws</u> **required**, and ***that*** was the means by which the deprivations were implemented. Naturally, if the HCSD and the Board member Defendants never called the elections as required in the Bylaws, ***and*** did not give notice and/or opportunity to be heard by Plaintiff (nor any other elector) that it was refusing to call those elections, and/or to obey those Bylaw provisions, <u>those acts also constituted a deprivation of due process</u>. Minimal due process concerning a vested, recognized "substantial right" (voting) "is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation and quotation marks omitted). Except that in the Bylaws, the "opportunity to be heard" is <u>mandated</u> for certain governmental powers and acts as being via an election, and that did not happen. "The right of suffrage is 'a fundamental political right', because preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370, (1886). Nothing else need be alleged for a procedural, <u>and</u> substantive due process claim when those things <u>do not</u> happen. Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests without notice or hearing. Substantive due process claims target the deprivation itself - not merely the HCSD's failure to provide an opportunity to contest it. (*Zinermon v. Burch*, 494 U.S. 113, 126 (1990).)

[2] C.f., F&Rs, pp.8-9. Plaintiff raised this issue specifically in his prior objections (ECF #31 ,p.15), and as stated in the FAC (ECF #39, ¶¶60-62). Plaintiff notes the F&Rs do not contain any legal analysis of Plaintiff's citations and allegations - instead simply stating in conclusory fashion that his allegations and factual assertions are "insufficient". C.f., *Sierra Club v. Morton*, 405 U.S. 727 (1972); *United States v. SCRAP*, 412 U.S. 669 (1973).

Plaintiff's Objections to F&Rs of Magistrate Judge Dennis M. Cota - 2

of the contamination, is sufficient to provide standing for the CWA claims.

Plaintiff further objects to the F&Rs at pages 8-9 on the basis that, despite the mandate that Plaintiff's clear statements of fact in the FAC[3] are presumed to be true upon review by way of a 12b motion to dismiss[4], Magistrate Cota refers to Plaintiff's specific fact allegations concerning well #3 as "unfounded conclusions" that he must "substantiate". That is an incorrect statement of law on review of a 12b motion[5], but also an error of fact, since Plaintiff **does** lay out significant factual bases for his allegations - the personal observations and knowledge thereof which he *directly* acquired as an HCSD Board Member while inspecting the District's facilities and works; and, by his review of the records of the HCSD which included numerous letters from various agencies to the HCSD concerning Well #3. See FAC, ECF #39, at ¶62.

Because Plaintiff specified that his (personal) direct knowledge of the violations of the CWA relating to the HCSD's well #3[6] came about as a result of: examination of HCSD records (including engineering and lab results for all wells) undertaken in his former position as an HCSD Board Member; by personally inspecting every part of the HCSD's water production and distribution systems (so inclusive of well #3); and, by preparing and filing complaints and reports to various governmental agencies concerning well #3 (FAC, ¶5). Magistrate Cota's statements on pages 8-9 of the F&Rs that Plaintiff has not provided "concrete or specific factual allegations" for his statements in the FAC is an error of fact which this Court should not adopt[7].

---

[3] At paragraphs 1, 5, and 60-62.
[4] *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
[5] That is because the Supreme Court states that the correct analysis must accept that "all the allegations in the complaint are true (even if doubtful in fact)" and must draw all reasonable inferences in Plaintiffs' favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).
[6] As mentioned throughout the FAC, Plaintiff is also a professional contractor and journeyman pipe-fitter who is qualified for public works. By Answer, the Defendants may raise affirmative defenses that Plaintiff is not qualified to read the water reports in the HCSD's own files showing the "toxic levels of Boron and salts"; that the letters from various agencies (inclusive of the State Water Resources Control Board) telling the HCSD to destroy well #3 or otherwise contain its outflow due to the water's toxicity do not exist; and/or, that Plaintiff is not qualified opine that a *known-contaminated* well he personally observed to be overflowing (artesian), with that overflow proceeding down hill approximately 25 feet and then into Cottonwood Creek, killing most forms of vegetation along the way, violates the CWA, they should be free to do so. But Plaintiff's FAC does state a cause of action on those bases, and it was error to dismiss the Count II CWA claims on a 12b motion as a result.
[7] See *Briseno v. Henderson* (2021) 998 F.3d 1014 ("A district court abuses its discretion when it fails to apply the correct legal standard or bases its decision on unreasonable findings of fact." (alteration, quotation marks, and citation omitted)). Additionally, it is improper to use a Rule 12b motion to "resolve" disputed issues of fact, since the Court is obliged to presume the truthfulness of all facts stated.

(C.f., FAC, at ¶¶60-62.) More, Plaintiff's prior filings, incorporated herein, make mention of his observing dead vegetation and other effects of the toxic water flowing out of well #3.

See *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir.2003); *Iva Ikuku Toguri D'Aquino v. United States*, 192 F.2d 338, 367 (9th Cir.1951). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This principle is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). "This policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). This policy favoring resolution on the merits "is particularly important in civil rights cases." *Id.* at 1137.

**3) Plaintiff adequately amended his SDWA claims, because beginning on page 14** of the FAC, at ¶39, and continuing through ¶46, he carefully pled the details of each applicable provision of the federal law to the State of California and the HCSD; and, the adoption by California of certain statutes to comply with the new federal drinking water standards and federal enforcement requirements of the SDWA to impose mandatory duties upon water providers for the sake of public safety (FAC, ¶¶39-41).

Plaintiff also specifically pled how Defendants HCSD, Hanson, Puckett, Tulledo, Bowles, and Dingman violated particular provisions of the SDWA; that they had constructive knowledge of their failures to abide by the provisions thereof and the related State laws; that Dingman profited illegally from a void contract on the basis of those violations; and, that harms accrued to Plaintiff and other denizens of the District from these Defendants' failures to abide by the SDWA and related State laws - which were also a nuisance *per se* by provision of the Health and Safety Code. (*Id.*) Despite Plaintiff's conscientious, detailed pleading of the legal duties of the HCSD and its officers, the Magistrate recommended dismissal with prejudice of the SDWA claims - *sans* any analysis of the actual content of the FAC - in a single sentence at F&Rs, p.9, ln.17-18:, stating: "Plaintiff offers no specific factual allegations whatsoever regarding injury relating to his Safe Drinking Water Act claim."

Additionally, in relation to the allegations of violations of the SDWA (and several other causes of action), Plaintiff plead lack of rational public purpose relating to each of the allegations in his causes of action, and asserts his right to a cause of action per Code of Civil Procedure

§526a[8] in addition to the other remedies discussed (FAC, p. 18, ¶¶47, 50, and 53) because; "It is elementary that public officials must themselves obey the law." (*County of Los Angeles v. Superior Court* (1967) 253 Cal.App.2d 670, 679). Further, "the mere expending of the time of" government officials "in performing illegal" acts "constitute[s] an unlawful use of funds which [can] be enjoined under section 526a." *Blair v. Pitchess* (1971) 5 Cal.3d 258, 268 (citing *Wirin v. Horrall*, 85 Cal.App.2d. 497, 504-05 (1948).)

Section 526a "authorizes actions by a resident taxpayer against officers of a county, town, city, or city and county to obtain an injunction restraining and preventing the illegal expenditure of public funds." (*Blair v. Pitchess* (1971) 5 Cal.3d 258, 267.) Section 526a "is properly used where 'some illegal expenditure or injury to the public fisc is occurring or will occur.' " (*Humane Society of the United States v. State Bd. of Equalization* (2007) 152 Cal.App.4th 349, 361, quoting *Waste Management of Alameda County, Inc. v. County of Alameda* (2000) 79 Cal.App.4th 1223, 1240.) "Waste" may also consist of "outright fraud, corruption, or collusion." *Chiatello v. City and County of San Francisco* (2010) 189 Cal.App.4th 472, 482.)

Moreover, the issue of "standing" is greatly elasticized when dealing with a Section 526a - based cause of action. See *Bd. of Soc. Welfare v. County of Los Angeles* (1945) 27 Cal.2d 98, 101 (concluding that a party's interest " 'in having the laws executed and the duty in question enforced' " is sufficient even absent a " 'legal or special interest' "].) This exception to the general beneficial interest requirement protects citizens' opportunity to "ensure that no governmental body impairs or defeats the purpose of legislation establishing a public right." (*Green v. Obledo* (1981) 29 Cal.3d 126, 144.)

Finally, improper gifting/waste of public funds actions brought by a taxpayer pursuant to Code of Civil Procedure §526a generally require as an element the allegation that the conduct is "unlawful". Such actions are appropriate when an agency or its officers engage in practices that are merely contrary to statutory requirements, such as in *County of Santa Clara v. Superior Court* (2009) 171 Cal.App.4th 119, 129 (challenge to practices relating to requests for public records), but can even be brought restraining public agency expenditures on the basis that the

---

[8] It is perfectly reasonable, and judicially acceptable, to seek a remedy under this section to enjoin the violation of a federal law - and indeed it has been so used many times before, beginning with the enjoining of the Los Angeles Chief of Police's conducting blockades and random searches of citizens in violation of the 4th Amendment. See *Wirin v. Horrall* (1948) 85 Cal.App.2d. 497. Plaintiff notes that despite his generous briefing in the FAC, and several causes of action relying on §526a, Magistrate Cota does not address this avenue of redress in any way.

Plaintiff's Objections to F&Rs of Magistrate Judge Dennis M. Cota - 5

conduct being funded violates affirmative statutory and/or constitutional law. (*Wirin v. Parker*, 313 P.2d 844, 894 (Cal. 1957)

Plaintiff specifically pled viable causes of action for waste of funds, and to enjoin conduct that it is violation of Federal, State, and/or Siskiyou County laws in the FAC at paragraphs 39-53; which pleadings manifest as Federal Claim Count III (FAC, ¶63); and, State Law Claims Counts I, II, III, IV, and V (FAC, at ¶¶84, 87, 88, 89, and 90, respectively).

**4) It does not appear that the Magistrate "incorporated" the Bylaws** of the Hornbrook Community Services District ("HCSD"), and certain resolutions of its Board, into the FAC (ECF #39 - as "attachments" #1 and #2) as requested by Plaintiff specifically for the purpose of making out allegations (FAC, pp.1-2). This is critical, since within the context of evaluating a Rule 12(b)(6) motion, the district court must consider all of the allegations of the complaint; those documents incorporated into the complaint by reference (here the Bylaws and certain Resolutions - but only as cited by the FAC), and matters which are subject to judicial notice. (See, i.e., *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) [citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)]).

**5) Assertion of jurisdiction over *some* of Plaintiff's State law claims**, but not others, and without any finding of exceptional circumstances (or even analysis in explanation) to deny supplemental jurisdiction over State Law Claims "Counts" I, II, III, IV, and V; is clear legal and factual error to which Plaintiff objects. (F&Rs, pp.10-11.)

Under the supplemental jurisdiction statute enacted in 1990, a district court that has original jurisdiction over a civil action "shall have supplemental jurisdiction," subject to certain exceptions, "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).

Because Plaintiff's Federal claims (FAC, ¶¶55-83), and his state claims I through V (FAC, ¶¶84-90), all occurred during the same time period, involve the same defendants, and clearly "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding," they form part of the "same case or controversy" for purposes of §1367(a). See *Trustees of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citations and internal quotation marks omitted).

Accordingly, the Magistrate was required to assert supplemental jurisdiction under §1367(a) over **all** of Plaintiff's supplemental state claims, unless there was a properly supported

Plaintiff's Objections to F&Rs of Magistrate Judge Dennis M. Cota - 6

and on-record finding that a correctly applicable exception applies under §1367(b), § 1367(c), or another "Federal statute." See 28 U.S.C. §1367(a) ; see also *Executive Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1555–56 (9th Cir. 1994), overruled on other grounds by *California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

Because §1367(b) limits supplemental jurisdiction only in cases in which the district court's original jurisdiction was "founded solely" on diversity (see 28 U.S.C. §1367(b)), it does **not** apply to Plaintiff's §1983 suit here, in which the Magistrate affirmatively determined the Court *has* federal question jurisdiction over Federal "Counts" IV, V, VI, and VII; and over state "Counts" VI and VII under 28 U.S.C. §1331.

In the F&Rs at pages 10-11, the Magistrate does **not** analyze the supplemental claims he wishes to decline to assert jurisdiction over under 28 U.S.C. §1367, nor any other federal statute. Therefore, the Magistrate's declination of supplemental jurisdiction can be justified, if at all, only under §1367(c). See *Executive Software*, 24 F.3d at 1556.

Section 1367(c) permits a district court to "decline to exercise supplemental jurisdiction over a claim" in four enumerated circumstances:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because the F&Rs contain **no** analysis of these points, nor any findings of fact and/or law that any Section 1367(c) exceptions apply, this Court should decline to adopt that portion of the F&Rs erroneously refusing jurisdiction over Plaintiff's State Law "Counts" I, II, II, IV, and V.

## CONCLUSION

The analysis of Plaintiff's Federal Claims I, II. and III under Rule 12b is incomplete, misstates applicable law and standards (i.e., standing), and is unduly harsh when considering a Pro Se pleading. Additionally, the Magistrate failed in regards to these three federal causes of action to link up foundational facts presented in the first sections of the FAC (at pages 4-21) to individual Defendants (and to the Claims/"Counts") which is error because the Complaint must

be read as a whole.[9] These missteps result in conclusions that defeat the pleading - rather than to "accept as true the allegations of the complaint"[10], "construe the alleged facts in the light most favorable to the plaintiff"[11], and "afford the pro se plaintiff the benefit of any doubt."[12] Pleadings are also to be interpreted to "do substantial justice" (FRCivP 8(e)), and do not require any specific form (FRCivP 8(d)(1)). Plaintiff's pleadings of all Counts in the FAC is sufficient under Rule 12b to proceed, and insofar as Count II (CWA violation); the determination that Plaintiff's historical use of the watersheds affected by HCSD well #3's toxic outflow for various forms of recreation is <u>insufficient</u> to convey standing under the CWA, is error pursuant to *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000).

Plaintiff's complaint is detailed in facts, assigns proper allegations of duty, breach, and harms to specific Defendants, and adequately serves to provide notice of Plaintiff's claims. As all of Plaintiff's claims are viable as pled, and because the state law claims are **all** "related" to the Federal claims within the meaning of 28 U.S.C. §1367(a), this Court should decline to adopt the F&Rs to the extent they incorrectly dismiss some of Plaintiff's "Counts", and allow each cause of action in Plaintiff's FAC to proceed to discovery.

Respectfully submitted this 25th day of April, 2024.

Roger Gifford, Plaintiff Pro Se

---

[9] Wright and Miller, 5 Fed. Practice and Procedure, 657. The liberal construction rule requires that a judge give effect to the substance, rather than the form or terminology, of a self-represented litigant's papers. This means a judge should look beyond the label that a self-represented litigant attaches to a pleading and re-characterize it to correspond to the substance and underlying legal basis of the claim. (*Castro v. United States*, 540 U.S. 375, 382 (2003).) The same view must be taken of plaintiff's proof: "In cases such as this, plaintiff should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each.'" *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699, (1962).
[10] *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
[11] *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).
[12] "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). The Ninth Circuit has repeatedly reaffirmed that pro se litigants are entitled to leniency, particularly in civil rights cases such as this one. See e.g., *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims ...."); *Pouncil v. Tilton*, 704 F.3d 568, 574-75 (9th Cir. 2012) (construing complaints liberally protects the rights of pro se litigants to access to the courts, which is particularly important in civil rights cases), cert. denied, 571 U.S. 820, (2013).

## **CERTIFICATION OF SERVICE**

I, Roger Gifford, the undersigned Plaintiff in this matter, do hereby affirm under penalty of perjury that I served the foregoing document by US Mail upon the parties via their attorney at the address below, and on the date listed.

Keaton Drew Mendoza  
2020 W. El Camino Ave., Ste. 700  
Sacramento, CA 95833

April, _25_, 2024.

_____  
Roger Gifford, Plaintiff Pro Se