IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHELE HANSON, et al.,<br><br>　　　　Defendants. | No.  2:21-CV-0119-DJC-DMC<br><br><br><br>ORDER |

　　　　Plaintiff, who is proceeding pro se, brings this civil action.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

　　　　On March 18, 2024, the Magistrate Judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the time specified therein.  (ECF No. 48.)  Timely objections to the findings and recommendations have been filed.  (ECF No. 52.)

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court will adopt the findings and recommendation in part and decline to adopt them in part.

////

## I. PLAINTIFF'S FEDERAL CLAIMS

Concerning Plaintiff's federal claims, the Court agrees that Plaintiff's procedural due process, retaliation, and equal protection claims, Counts IV–VII, should proceed to discovery. Thus, the Court will adopt the Magistrate Judge's recommendations as to those claims.

The Court will also adopt the Magistrate Judge's recommendation to dismiss federal Count I with prejudice. Plaintiff brings a substantive due process claim alleging he was deprived of his right to vote provided for in the Hornbrook Community Services District ("HCSD") Bylaws, which state that any changes the HCSD Board makes to certain mandatory fees, charges, and procedures are subject to voter approval. (ECF No. 39 ¶¶ 24–32, 55–59.) "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived [him] of a constitutionally protected life, liberty or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections and to have their votes counted." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964). Plaintiff does not allege he was deprived of the right to vote in any election, only in HCSD Board Meetings. Thus, Plaintiff has not pled a liberty interest protected by the Constitution.

However, Plaintiff alleges that his right to vote here was conferred by the HCSD Bylaws. (ECF No. 39 ¶¶ 55-56.) "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). "State law can create a right that the Due Process Clause will protect only if the state law contains '(1) substantive predicates governing official decision-making, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met.'" *James v. Rowlands*,

606 F.3d 646, 656 (9th Cir. 2010) (quoting *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995)).  In order to contain the requisite "substantive predicates," "the state law at issue must provide more than merely procedure, it must protect some substantive end."  *Bonin*, 59 F.3d at 842 (internal citations and quotation marks omitted).  Here, the HCSD Bylaws provide that the Board may not take certain actions without voter approval, a purely procedural requirement.  Thus, the Bylaws do not create any substantive rights, as they do not include substantive provisions that the Board must consider before taking action.  Plaintiff has failed to state a claim.

However, the Court declines to adopt the Magistrate Judge's recommendation to dismiss federal Count II, violation of the Clean Water Act, as the Court concludes that Plaintiff has standing.  To demonstrate standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000).  An "injury in fact" is shown "if an individual adequately shows that she has an aesthetic or recreational interest in a particular place, or animal, or plant species and that that interest is impaired by a defendant's conduct."  *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000).  Importantly, "[t]he relevant showing for purposes of Article III standing . . . is not injury to the environment but injury to the plaintiff."  *Laidlaw*, 528 U.S. at 181.

Here, Plaintiff alleges that he became aware of toxic Boron leaking from HCSD's "well #3" while he was an HCSD Board Member and personally inspected the well. (ECF No. 39 ¶ 62.)  Plaintiff alleges that the toxins leak from well #3 into Rancheria Creek each year, where they then flow to Cottonwood Creek.  (*Id.* ¶ 60.)  Plaintiff alleges that Cottonwood Creek passes behind his residential property, and that he has lost use and enjoyment of his property because he has been forced to cease

3

hunting, fishing, and flying falconry birds near both creeks out of concern that the birds might drink the contaminated water or eat prey with large amounts of Boron. (*Id.* ¶ 61.) Thus, Plaintiff has adequately pled injury, as he has shown a recreational interest in his property that is impaired by the leak from well #3.  Plaintiff has also pled causation, as he alleges Defendants are aware of the situation, yet have failed to take any corrective measures to cease the leak from well #3. (*Id.* ¶¶ 60, 62.)  Finally, Plaintiff alleges he is aware of many viable plans to capture and store the toxic well #3 water and asks that Defendants be enjoined from permitting the leak to continue, satisfying redressability. (*Id.* ¶ 62.)  Thus, Plaintiff has alleged standing as to Count II.

Finally, the Court declines to adopt the Magistrate Judge's recommendation to dismiss federal Count III, violation of the Safe Drinking Water Act, for lack of standing. The Magistrate Judge concluded that Plaintiff lacked standing because "Plaintiff offers no specific factual allegations whatsoever regarding injury relating to his Safe Drinking Water Act claim." (ECF No. 48 at 9.)  Liberally construing the Complaint, however, the Court disagrees.  Plaintiff alleges that Defendants have permitted Chlorine to be added to HCSD's drinking water "to the point of unlawful toxicity," and that he has been harmed by drinking this Chlorine-contaminated water on several occasions. (ECF No. 39 ¶¶ 22, 45, 63.)  Plaintiff's claims of harm due to drinking this water are somewhat conclusory, in that he does not allege any specific injury he suffered as a result of drinking the Chlorinated water.  However, Defendants do not address Plaintiff's allegations concerning his Safe Drinking Water Act whatsoever in their Motion to Dismiss. (*See* ECF No. 40.)  Thus, given Plaintiff's allegations of harm, his status as a pro se litigant, and Defendants failure to challenge the sufficiency of his pleadings, the Court declines to dismiss Plaintiff's claim at this juncture.

## II.     PLAINTIFF'S STATE LAW CLAIMS

The Magistrate Judge recommends the Court exercise supplemental jurisdiction over Plaintiff's state law Counts VI–VII, and decline to exercise

supplemental jurisdiction over Plaintiff's state law Counts I–V.  (ECF No. 48 at 9–10.)  The Court agrees and will adopt the Magistrate Judge's recommendation.

Plaintiff's state law claims Counts I–V include: (1) Waste/Gifts of Public Funds: Unlawful Use of HCSD Facility by Dingman, (2) Diversion of, and Gifts of, Public Funds as to Michele Hanson, (3) Gifts, and Waste of, Public Funds as to John Does, (4) Gifts, and Waste of, Public Funds as to John Does, and (5) Breach of Fiduciary Duty to Impose Standby, Availability Fees.  (ECF No. 39 ¶¶ 84–91.)  As held above, Plaintiff has presented cognizable federal procedural due process, equal protection, retaliation, Clean Water Act, and Safe Drinking Water Act claims.

Pursuant to 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together."  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Plaintiff's state law claims concern (1) Defendant Dingman's unlawful residence in an HCSD waste treatment facility, (2) diversion of public funds to Defendant Hanson, (3) improper billing of water rates, fees, assessment, and/or other charges, and (4) Defendant's failure to collect "standby" and "availability" fees.  (ECF No. 39 ¶¶ 84–91.)  Meanwhile, Plaintiff's federal claims concern (1) his inability to bid on HCSD public works jobs, (2) his indemnification for work-related injuries, (3) his access to public records, (4) connection of his residence to the HCSD water distribution system, (5) pollution of the Rancheria and Cottonwood Creeks, and (6) pollution of HCSD's drinking water.  (*Id.* ¶¶ 60–83.)  Having considered the facts underlying each claims, the Court finds that the state and federal claims clearly do not involve a common nucleus of operative fact.  Accordingly, the Court will adopt the Magistrate

Judge's recommendation and decline to exercise supplemental jurisdiction over Plaintiff's state Counts I–V.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed March 18, 2024, ECF No. 48, are adopted in part.

2. Defendants' motion to dismiss, ECF No. 40, is GRANTED in part and DENIED in part.

3. Defendants' motion to dismiss is DENIED as to Plaintiff's procedural due process, retaliation, equal protection claims, and statutory claims, which shall proceed.

4. Defendants' motion to dismiss is GRANTED as to Plaintiff's substantive due process claim, and such claim is DISMISSED with prejudice.

5. The Court DECLINES to exercise supplemental jurisdiction of all state law claims, *except* state law Counts VI and VII.

6. State law Counts I through V are DISMISSED without prejudice.

7. Defendants shall file an answer to Plaintiff's first amended complaint on Plaintiff's federal Counts II, III, IV, V, VI, and VII, and Plaintiff's state law Counts VI and VII within 30 days of the date of this order.

8. This matter is referred back to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **September 27, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE